Manfredo Milian MORALES,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–71664.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 21, 2006 *.

Filed Dec. 27, 2006.

Manfredo Milian Morales, Las Vegas, NV, pro se.

NVL–District Counsel, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carolyn Vines Sapla, Esq, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

MEMORANDUM **

Manfredo Milian Morales, a native and citizen of Guatemala, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We lack jurisdiction to consider Morales's challenge to the denial of CAT relief because he failed to exhaust it before the

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

We have jurisdiction over Morales's remaining claims pursuant 8 U.S.C. § 1252. Reviewing for substantial evidence, *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003), we grant the petition for review and remand.

Substantial evidence does not support the IJ's finding that Morales's presumed well-founded fear was rebutted by the government. *See Borja v. INS,* 175 F.3d 732, 738 (9th Cir.1999) (en banc). Despite instruction from the BIA that generalized references to the 1996 Guatemala Peace Accords is insufficient to rebut a petitioner's well-founded fear, the IJ again based his findings on generalized conditions in Guatemala. Here, the IJ found the government rebutted Morales's presumed well-founded fear because "since 1996 conditions in Guatemala have undergone a profound and dramatic change" and because Morales's history of past persecution is no indication of his future prospects there. These generalized statements are insufficient to constitute a proper analysis of changed country conditions. *See id.*

Therefore, we grant the petition and remand for further proceedings to determine whether Morales is eligible for asylum or withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

**PETITION FOR REVIEW GRANTED and REMANDED.**